**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EUGENE T. CURTIS,

        Petitioner,               Case Number: 03-72301

v.                                    HONORABLE ARTHUR J. TARNOW

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S
"PETITION FOR REHEARING UNDER FED. R. CIV. P. 59(b)"**

Petitioner Eugene T. Curtis filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On August 28, 2008, the Court issued an Opinion and Order Denying Petition for Writ of Habeas Corpus. Now before the Court is Petitioner's "Petition for Rehearing Under Fed. R. Civ. P. 59(b)."

Fed. R. Civ. P. 59(b) simply provides that a motion for retrial must be filed no later than ten days after the entry of judgment. Based upon the relief Petitioner seeks, the Court construes his motion as having been filed pursuant to Fed. R. Civ. P. 59(e), which concerns motions to alter or amend a judgment.

Motions to alter or amend judgments, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion." Keweenaw Bay Indian Community v. United States, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing* Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.

Nagle Industries, Inc. v . Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing* Keweenaw Bay, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" Id., *(quoting* Keweenaw Bay, 904 F. Supp. at 1141).

None of the arguments set forth by Petitioner in support of his Motion to Alter or Amend the Judgment satisfy the standards under which Rule 59(e) motions may be granted. Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied. Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence warranting habeas corpus relief which was previously unavailable suddenly has become available. Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

Accordingly, **IT IS ORDERED** that Petitioner's "Petition for Rehearing Under Fed. R. Civ. P. 59(b)" [dkt. # 70] is **DENIED**.


                                          S/ARTHUR J. TARNOW
                                          Arthur J. Tarnow
                                          United States District Judge

Dated: October 14, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 14, 2008, by electronic and/or ordinary mail.

                                      S/THERESA E. TAYLOR
                                      Case Manager